# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1988-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

QUASHAWN D. SHIVERS,

    Defendant-Appellant.

_____

> Argued February 28, 2024 – Decided April 12, 2024
>
> Before Judges Gummer and Walcott-Henderson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 21-03-0644.
>
> Luke C. Kurzawa argued the cause for appellant (Reisig Criminal Defense & DWI Law, LLC, attorneys; Matthew Whalen Reisig and Luke C. Kurzawa, on the brief; Michael H. Ross, of counsel and on the brief).
>
> Kevin Jay Hein, Assistant Prosecutor, argued the cause for respondent (Grace C. MacAulay, Camden County Prosecutor, attorney; Kevin Jay Hein, of counsel and on the brief).

PER CURIAM

Defendant Quashawn D. Shivers appeals from an order entered on January 6, 2022, denying his motion challenging the prosecutor's rejection of his application for pre-trial intervention (PTI). Defendant argues the court erred by failing to find the prosecutor's objection constituted a patent and gross abuse of discretion. We disagree and affirm.

On March 24, 2021, defendant was indicted on charges of third-degree terroristic threats, N.J.S.A. 2C:12-3, second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1), second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1), and fourth-degree aggravated assault, N.J.S.A. 2C: 12-1(b)(4) (pointing a firearm at or in the direction of another). The charges stem from a November 2017 complaint made by the mother of defendant's child, who claimed defendant had appeared at her home and threatened to harm her, pointing a handgun at her face. Several months after the indictment was returned, the State extended a plea offer in which defendant would plead guilty to the third-degree terroristic threats charge—the sole charge in the indictment not involving possession of a weapon—and the State would dismiss the remaining charges.

A-1988-21

Before accepting the plea offer, defendant sought the prosecutor's consent to apply to PTI. The State agreed defendant could submit a PTI application but did not consent to his acceptance into PTI.

On August 24, 2021, one day before he was scheduled to plead guilty to the terroristic-threats charge, defendant filed his PTI application and included a statement of compelling reasons required by Rule 3:28-1(e)(3). He claimed to be an ideal candidate for PTI based on: his age of thirty-four years; his lack of prior criminal history; his motivation to participate in PTI; his current employment as a social worker and counselor; and the fact he placed a high importance on maintaining a law-abiding life. He also noted his alleged criminal activity is "related to a condition that would be conducive to change through his participation in supervisory treatment insofar as the structure PTI provides will help" him lead a law-abiding life.

Defendant acknowledged three of the four charges against him "would ordinarily serve to disqualify him from consideration from [PTI] admission," presumably referencing the weapons and aggravated-assault charges and Rule 3:28-1(d)(1), which provides that a person charged with a crime "for which there is a presumption of incarceration or a mandatory minimum period of parole ineligibility" is "ineligible for [PTI] without prosecutor consent to consideration

of the application." However, defendant pointed out the State had extended a plea offer in which those charges would be dismissed and defendant would plead guilty to the terroristic-threats charge, which defendant contended would "avoid the imposition of any jail time" and "is a charge that would make the Defendant eligible for admission into the PTI program." Defendant contended the State had made that plea offer after hearing defense counsel's arguments concerning the difficulty the State would face in attempting to introduce into evidence the gun defendant allegedly had pointed at the victim.

On August 24, 2021, defendant executed a plea form in which he agreed to plead guilty to the third-degree terroristic-threats charge. The plea form included the following language:

> State has consented to allow [d]efendant to apply for PTI. If accepted, [d]efendant will participate in same. If ultimately denied admission into PTI, [S]tate will recommend a term of non-custodial probation, conditioned upon a psychological evaluation and any recommend[ed] treatment, a substance abuse evaluation and any recommended treatment, no uninvited contact with the victim, forfeiture of the firearm seized in this matter, and forfeiture of all firearms pursuant to the DV Firearms Surrender Order.

At the plea hearing the following day, the court confirmed defendant understood the nature of his plea and its effect on his PTI application:

4                                                                                    A-1988-21

[The court:] My understanding is you're going to plead guilty to a terroristic threat, a third degree, in return for a recommended sentence of either PTI or probation. Is that your understanding?

A: Yes.

[The court:] Have you had enough time to review your case and your plea agreement including any discovery in this matter with [counsel]?

A: Yes.

. . . .

[The court:] If you're not accepted into PTI, you understand—and you're sentenced to the third[-]degree terroristic threat, you understand you'd have a criminal record?

A: Yes.

[The court:] If you are accepted into PTI and you successfully complete that program, then you would not have a criminal record. Do you understand that?

A: Yes, I do.

Defense counsel further clarified that there is a presumption against admittance and that admission was not guaranteed:

[Counsel:] So, there's two provisions in the statute governing PTI that I want to go over on the record with you. One is [N.J.S.A.] 2C:43-12b(2)(b), which actually states that there is a presumption against you being admitted into PTI based on what you're charged with.

Do you understand that there is a presumption against your being admitted into the program?

A: Yes.

[Counsel:] And that we have to overcome that presumption against you.

A: Yes.

[Counsel:] And the other provision is that you're entering a guilty plea today and also, concomitantly or simultaneously, applying for PTI, that's because the statute, the same statute, 2C:43-12g(3) states that in cases involving domestic violence, which your case is, that you can only apply for PTI with a guilty plea. Do you understand that?

A: Yes.

[Counsel:] And you understand that there is—the reality here is you may not get into PTI.

A: Yes.

. . . .

[Counsel:] And that if you don't get in, the State is recommending non-custodial probation, which means you're not going to prison and/or jail. Do you understand that?

A: Yes, I do.

Defendant then made certain allocutions as to the terroristic threat charge:

[Counsel:] And did you have a verbal disagreement with V.J. on that occasion at about 9:00 p.m.?

6

A: Yes.

[Counsel:] And during this verbal disagreement, was that verbal disagreement about ongoing co-parenting issues that you've had with V.J. as it related to the minor child in common?

A: Yes.

[Counsel:] And during this verbal disagreement, did you become both animated and unduly and unnecessarily argumentative?

A: Yes.

[Counsel:] And during that state, your state of being animated and unduly and unnecessarily argumentative, did you threaten to harm V.J. with the purpose to terrorize her during this verbal disagreement?

A: Yes.

[Counsel:] When I say "the purpose," is the intent to commit the crime?

A: Yes.

[Counsel:] And did you have that purpose?

A: Yes.

On September 27, 2021, the Prosecutor's Office notified defense counsel it had reviewed defendant's PTI application and statement of compelling reasons and objected to defendant's admission into PTI based on his failure to comply

with the deadline required under Rule 3:28-2, which requires that "[a]pplications for pretrial intervention shall be made at the earliest possible opportunity, including before indictment . . . unless good cause is shown or consent by the prosecutor is obtained."

The State asserted defendant had failed to demonstrate the requisite extraordinary and compelling circumstances that would justify admission into PTI. The State contended defendant's age, criminal history and employment did not constitute extraordinary and compelling circumstances and further stated "the existence—and negotiated terms—of a plea offer, the potential legal challenges defendant might raise, as well as the strength of the State's case do not overcome the presumption of ineligibility that exists due to the nature of the crimes charged." Defendant filed a motion challenging the prosecutor's rejection of his application.

Following defendant's motion, a hearing was convened and the matter adjourned to give the State an opportunity to update its response to include a complete analysis of the statutory factors under N.J.S.A. 2C:43-12(e). The State issued a supplemental letter noting it did not dispute defendant's contention that "consent was given for the late submission of the application, or for consideration of the application due to the pending second-degree charges" but

reiterated its position that defendant's age, criminal history, and employment did not constitute extraordinary and compelling circumstances justifying admission into PTI.

Relying on Rule 3:28-4(b)(1)(iii), the State focused on the victim's statement that defendant had pointed a gun at her during the argument as a basis for concluding that he had committed a deliberate act of violence and, the presumption against admission into PTI had not been overcome. The State further noted its objection was based upon the statutory criteria in N.J.S.A. 2C:43-12(e)(1) to (17) and specifically contended the following factors weighed against defendant's admission to PTI: (1) the nature of the offense, (2) the facts of the case, (3) age and motivation of defendant, (4) the desire of the victim to forego prosecution, (6) the lack of likelihood defendant's crime is related to a condition conducive to change through participation in supervisory programs, (7) consideration of the needs and interests of the victim and society, (10) whether or not the crime is of a violent or assaultive nature, and (17) whether or not the harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling an offender into a supervisory treatment program.

On January 6, 2022, following argument, the court entered an order denying defendant's motion. In rendering its oral decision, the court squarely addressed defendant's arguments that the prosecutor committed a patent and gross abuse of discretion by objecting to his application based on the original second-degree charges in the indictment. The court stated,

> What the defense counsel is essentially asking the court is to consider the application was made prior to a plea, and that the State shouldn't base its rejection on those charges . . . that the defendant was originally charged with . . . but rather, that—it should be what is essentially pled to . . . I think that timing is important here, and I think the State is correct that if it is supposed to be considered after the plea, then [State v. Bell, 271 N.J. 336 (2014)] prohibits the application as PTI is not something that can be an option after a guilty plea.

Addressing the State's substantive objections, the court concluded there was no "patent and gross abuse of discretion." Specifically, the court found the State had considered all relevant factors, did not consider irrelevant or inappropriate factors, and that there was no evidence presented that its denial had been premised on a clear error in judgment or so far off the mark that it would subvert the goals underlying the PTI program.

The court subsequently sentenced defendant to a one-year term of non-custodial probation on his guilty plea to the third-degree terroristic threats.

Defendant makes a singular point in support of his appeal.

10

POINT I

THE DEFENDANT SHOULD HAVE BEEN ENROLLED INTO THE PRE-TRIAL INTERVENTION (PTI) PROGRAM OVER THE PROSECUTOR'S OBJECTIONS SINCE THE REJECTION OF DEFENDANT'S APPLICATION WAS BASED ON A PATENT AND GROSS ABUSE OF DISCRETION BY THE CAMDEN COUNTY PROSECUTOR'S OFFICE.

"PTI is essentially an extension of the charging decision, therefore the decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" State v. Roseman, 221 N.J. 611, 624 (2015) (quoting State v. Wallace, 146 N.J. 576, 582 (1996)); see also State v. Gomes, 253 N.J. 6, 17 (2023). A defendant may challenge "the decision . . . of a prosecutor refusing to consent to consideration of the defendant's application where required pursuant to R. 3:28-1(d), or of a prosecutor's refusing to consent to the defendant's enrollment into the pretrial intervention program[.]" R. 3:28-6. However, "the prosecutor's decision to accept or reject a defendant's PTI application is entitled to a great deal of deference." Roseman, 221 N.J. at 624 (citing State v. Leonardis, 73 N.J. 360, 381 (1977)).

11

A-1988-21

"A court reviewing a prosecutor's decision to deny PTI may overturn that decision only if the defendant 'clearly and convincingly' establishes the decision was a 'patent and gross abuse of discretion.'" State v. Johnson, 238 N.J. 119, 128-29 (2019) (quoting Wallace, 146 N.J. at 583). Our Supreme Court has defined a "'patent and gross abuse of discretion' in the context of a prosecutor's denial of a PTI application" as follows:

> Ordinarily, an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgement. In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI].
>
> [Roseman, 221 N.J. at 625 (quoting State v. Bender, 80 N.J. 84, 93 (1979)).]

The same standard governs our review. "The question is not whether we agree or disagree with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors." State v. Nwobu, 139 N.J. 236, 254 (1995). "When a defendant convincingly demonstrates a patent and gross abuse of discretion, a court may admit the defendant into PTI over the prosecutor's objection." Johnson, 238 N.J.

12

at 129 (citing Roseman, 221 N.J. at 624-25). But when the prosecutor has failed to consider all relevant information, a remand is more appropriate. Nwobu, 139 N.J. at 247 (citing State v. DeMarco, 107 N.J. 562, 567 (1987)).

Defendant challenges the State's use of the nature of the original charges arguing "the existence of his original, unproved, now dismissed charges should not have been used as a basis to deny his application for PTI." He disputes the State's representation that he threatened to kill the victim, noting that during his plea allocution, he "merely admitted that he became animated, unduly argumentative, and threatened to harm the victim with the purpose to terrorize her." Defendant further challenges the State's focus on the timeliness of his application, stating the timing "was a result of the fact that the nature of the prosecution changed when the State abandoned its prosecution of the weapons-related offenses" and that "[i]t would have been foolhardy for [defendant] to have made his application any sooner than he did." Lastly, he posits that in all respects he "is an appropriate candidate for PTI, having no criminal history and being charged/convicted of a [third] degree crime [or] less."

Focusing less on defendant's failure to comply with Rule 3:28-2—and the timeliness requirement—and more on the nature of the charges against defendant, the State submits that defendant failed to establish a patent and gross

13

abuse of discretion in the prosecutor's objection to his PTI application and remarked that the record shows the prosecutor considered all appropriate statutory factors pursuant to N.J.S.A. 2C:43-12(e), including that defendant had threatened to kill the victim, which weighed heavily against his admission into PTI.

The State further maintains that defendant did not overcome the presumption against admittance to PTI. The State also asserts that defendant is not a candidate for PTI because the second-degree weapon charges placed defendant within the category of "Persons Ineligible for Pre Trial Intervention Without Prosecutor Consent to Consideration of the Application," see R. 3:28-1(d)(1), and that he failed to articulate any extraordinary and compelling circumstances to justify admission. And, the State emphasizes that defendant's discussion of his "age, criminal history and employment do not constitute extraordinary and compelling circumstances" justifying admission to PTI.

We agree with the court that the State reviewed all relevant factors and there was no evidence presented its denial had been premised on a clear error in judgment or was so far off the mark that it would subvert the goals underlying the PTI program. We discern no abuse of discretion on the part of the court in

14

denying defendant's motion challenging the prosecutor's rejection of his PTI application.

As an initial matter, we are persuaded that the email exchange between the prosecutor and defense counsel supports the conclusion the prosecutor expressly consented to defendant's submission of the PTI application for consideration. However, consenting to consideration of an application to PTI is not the same as consenting to defendant's admission into PTI. See R. 3:28-6. Thus, the sole issue is whether the prosecutor, after having consented to defendant's late application to PTI committed a patent and gross abuse of discretion by later opposing defendant's application based on the reasons stated in her written objections.

Defendant argues his application should have been "evaluated based on the current posture of what the case is, and not what it was," referring to the State's focus on the allegation that he threatened to kill the victim when, during his plea allocution, he "merely admitted that he became animated, unduly argumentative, and threatened to harm the victim with the purpose to terrorize her."

In applying our Supreme Court's holding in Bell, 271 N.J. at 348, the trial court correctly evaluated defendant's application. The Court in Bell declared

that "the vision of PTI . . . contemplates a pretrial decision by the defendant to seek, and a pretrial decision by the prosecutor to admit, an offender to this diversionary program" such that "permitting a defendant found guilty of a criminal offense to seek admission to PTI transforms an effective pretrial diversionary program into an alternative sentencing option. Such action stands the PTI program on its head." 271 N.J. at 348; see also State v. Waters, 439 N.J. Super. 215, 224-25 (App. Div. 2015) (holding that "such concerns are also raised when a trial court grants a PTI appeal after a valid guilty plea").

Based on Bell, the trial court found it had "to consider the State's denial based on [its] consideration of the application prior to the plea and what the charges were, and the facts [that were] alleged based on the charge, not what the defendant ultimately pled to." We agree. To adopt the post-plea, post-conviction analytical framework proposed by defendant would, as the Supreme Court found in Bell, have the effect of "transform[ing] an effective pretrial diversionary program into an alternative sentencing option," thereby "stand[ing] the PTI program on its head." 271 N.J. at 348.

Given that the court applied the correct analytical framework, that defendant had been charged with crimes carrying a presumption against admission into PTI, see R. 3:28-1(e)(2)(b), and the consideration of other

16

applicable factors, <u>see</u> <u>R.</u> 3:28-4, we perceive no error in the court's finding that defendant did not prove by clear and convincing evidence the prosecutor's denial of defendant's PTI application constituted a patent and gross abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1988-21